UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-10355-DPW |
| ) | |
| CARMINE T. D'AMELIO ) | |
| ) | |

### DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION PURSUANT TO LOCAL RULE 116.6(A) AND REQUEST FOR EXPEDITED HEARING ON THIS MOTION

Defendant Carmine T. D'Amelio respectfully challenges the government's declination of co-conspirator information and Giglio information, and moves for an Order of this Court compelling the government to comply with Local Rule 116.1 and 116.2.

The government has invoked the provisions of Local Rule 116.6(A) to decline prompt disclosure of the identities of alleged co-conspirators as well as of promises and rewards to prospective witnesses. See Government Letter, dated December 30, 2003 at 6-8. Specifically, the government declines to identify any unindicted co-conspirators, saying without elaboration that it would be "detrimental to the interests of justice to make the disclosure." Id. at 6. Regarding Giglio disclosure, the government identifies a single witness, disclosing only that the witness benefitted from an immunity order (but not what the immunity protected him from). The government then mentions "Witness 1", "Witness 2", and "Witness 3", disclosing only that each has a proffer agreement and a plea agreement (but not disclosing for what crimes). The government then refers to "other case-in-chief witnesses" but discloses nothing whatsoever about them, saying that "their identities and pending cases will be disclosed at the appropriate time."

Id. at 8. Parenthetically, undersigned counsel thought that, under the Local Rules, the appropriate time was now.

The government's stated reason for declining the disclosures is "because of the nature of the charges contained in the indictment." Id. at 7. Since the "nature of the charges" is bookmaking, it is not immediately clear what the government is intimating here. What is clear is that the government feels comfortable invoking the declination procedure without articulating a single concrete reason, comfortable in the view that a court may do no more than order it to respond.

Pursuant to Local Rule 116.6(A), defendant challenges that declination and asks the Court to order the government to file its response within 7 calendar days. Defendant also asks the Court to order the government to reply with particularity in identifying promises and rewards, as required by Rule 116.2 [government must provide "[a] statement" of each inducement,

"identifying ... <u>each</u> promise, reward, or inducement, and a copy of <u>any</u> promise, reward of inducement <u>reduced to writing</u>," together with "<u>a written description</u> of <u>any</u> criminal cases pending...." LR 116.2 [emphasis added]].

CARMINE T. D'AMELIO<br>
By his attorney,

*/s/ Charles P. McGinty*
Charles P. McGinty
 B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Charles P. McGinty, hereby certify that a true copy of the above document was served on Assistant U.S. Attorney Ernest DiNisco and Assistant U.S. Attorney Colin Owyang on February 12, 2004.

*/s/ Charles P. McGinty*
Charles P. McGinty