UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 03-10355-DPW |
| ) | |
| CARMINE T. D'AMELIO ) | |
| ) | |

DEFENDANT'S REPLY TO GOVERNMENT'S
OPPOSITION TO MOTION TO COMPEL DISCLOSURE
OF INFORMATION PURSUANT TO LOCAL RULE 116.6(A)

Defendant Carmine T. D'Amelio replies to the government's opposition to his motion challenging the government's declination of co-conspirator information and of Giglio information.

The government contends that it need not disclose Giglio material because other persons —not defendant D'Amelio-- may pose a risk to witnesses. It does not submit that D'Amelio himself is violent; to the contrary, it has stated in separate pleadings, and submits anew here, that D'Amelio has been victimized by persons charged in a separate indictment, that he had been "the victim of extortion and rent collection by [those separately charged defendants]" and that he was "a victim of the collection of [an] unlawful debt by [one of those persons]." Government Opposition at 2. Since the government alleges that D'Amelio was the victim of others, it might appear anomalous to deny him discovery in preparation for trial. The government maintains, without citing supporting cases, that the dangerousness of others can justify refusal to produce information to a non-dangerous defendant and to his counsel.

This, of course, cannot be. Timely disclosure is compelled under the Local Rules precisely because of the importance of this information to preparation of the defense. The is not

lost on the government. It invokes the declination procedure routinely (and, in this case, quite casually) to withhold this information. While the declination process has its place, penalizing violent offenders whose trial preparation may be slowed where they have a demonstrated record of violence, nonetheless non-violent offenders cannot be handicapped in their preparation by claims associated with the violence of others.

Finally, even in instances where the government can demonstrate that disclosure of certain information will in fact threaten the safety of a witness, the Court may fashion an appropriate protective order that does not unnecessarily impede the preparation of the defense. See United States v. Snell, 899 F.Supp. 17, 23 n. 12 (D. Mass. 1995) ["[I]f the Government meets the test for exemption under [former Local Rule ] 116.1(d), the Magistrate Judge would also consider less restrictive means of protecting witnesses, such as disclosing the information to the defendants subject to a protective order...."]

Defendant requests that the Court order production of alleged co-conspirators as well as of promises and rewards to prospective witnesses. Defendant also asks the Court to order the government to reply with particularity in identifying promises and rewards, as required by Rule 116.2 [government must provide "[a] statement" of each inducement, "identifying ... each promise, reward, or inducement, and a copy of any promise, reward of inducement reduced to writing," together with "a written description of any criminal cases pending...." LR 116.2 [emphasis added]].

CARMINE T. D'AMELIO
By his attorney,

*[signature: Charles P. McGinty]*

Charles P. McGinty
  B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Tel: 617-223-8061

### CERTIFICATE OF SERVICE

I, Charles P. McGinty, hereby certify that a true copy of the above document was served on Assistant U.S. Attorney Ernest DiNisco and Assistant U.S. Attorney Colin Owyang on March 1, 2004.

*[signature: Charles P. McGinty]*

Charles P. McGinty