

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

December 30, 2003

Bernard Grossberg, Esq.
99 Summer Street
Suite 1800
Boston, Massachusetts   02110

Re:  United States v. Carmine D'Amelio, 03-CR-10355-DPW

Dear Mr. Grossberg:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

    a.   Written Statements

    Enclosed are the following relevant written statements made by the defendant Carmen D'Amelio in the possession, custody, or control of the government, the existence of which is known to the attorney for the government:

        (1)   fingerprint card; and

        (2)   statutory rights and consent form.

    b.   Recorded Statements

    Other than as set forth in Section C below, there are no relevant recorded statements of the defendant Carmine D'Amelio in

the possession, custody, or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Carmine D'Amelio did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

    (1)    Massachusetts State Police ("MSP") Arrest Report dated December 1, 2003; and

    (2)    Federal Bureau of Investigation ("FBI") FD-302 dated December 1, 2003.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents, and tangible items which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorneys and making an appointment to view the same at a mutually convenient time. Copies of any audio or video tapes may be made available at your cost.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

On November 18, 1997, search warrants were issued for (1) 8 Pemberly Drive, Saugus and Eugene Citrano; (2) 282 Suffolk Avenue, First Floor, Revere and Eugene Citrano and/or Kevin Donovan; (3) Suburban Real Estate, 655 Main Street, Woburn; (4) 6 Main Street, Floor #1, Somerville and Nicholas Gregory; (5) 8 Fairview Avenue, Floor #1, Malden and Lawrence Weston, Dana

Beane; (6) 111 Locust Street, Apt. #55, Woburn and Dana Beane; (7) 40 Lowell Road, Pepperell and James Flynn; (8) 19 Battery Street, Apt. #5, Boston and Nicholas Gregory; (9) 300 Spring Street Extension, Floor 2, Medford and Stephen Sarcia; (10) 512 Broadway, Revere and Joseph Zampanti, Jr.; (11) 13 Kenwood Avenue, Wilmington and Michael Mercuri, Raymond Mercuri; (12) 28 Kenwood Avenue, Wilmington and Raymond Mercuri; (13) 58 McClure Street, Revere and Joseph Zampanti, Jr.; (14) One Carey Circle, #502, Revere; (15) 84 Jones Road, Revere and Joseph Zampanti, Jr.; (16) Eugene "Richie" Citrano; (17) Stephen Sarcia; (18) Lawrence Weston; (19) Dana Beane; (20) Kevin Donovan; (21) Nicholas Gregory; (22) James Flynn; (23) Joseph Zampanti, Jr.; (24) Raymond Mercuri; (25) Michael Mercuri; and (26) Ford Expedition MA registration 2110BY and Eugene Citrano. On November 19, 1997, new search warrants were issued for (1) 58 McClure Street, Revere and Joseph Zampanti, Jr.; (2) One Carey Circle #502, Revere; (3) 512 Broadway, Revere and Joseph Zampanti, Jr.; and (4) 84 Jones Road, Revere and Joseph Zampanti, Jr. The search warrants for these four locations dated November 18, 1997, were returned unexecuted. A copy of the search warrants, applications, and affidavits are enclosed.

On November 20, 1997, search warrants were issued for (1) BankBoston, account number 453-29801 in the names of James M. and Dawn M. Flynn; (2) Eastern Bank, Stoneham, safe deposit box number 516, Dana Beane and Regina Fagan; (3) Burlington Self Storage, unit B2053, Dana Beane; (4) Stoneham Savings Bank account number 72590, Dana Beane; (5) Fleet Bank, Boston, safe deposit box number B251, Nicholas and Barbara Gregory; (6) and Sentry Valueguard 1250 safe taken from 84 Jones Road, Revere. A copy of the search warrants, applications, and affidavit are enclosed.

On November 20, 1997, search warrants were issued for (1) North Middlesex Savings Bank, accounts number 265409095 and 265409105, James and Dawn Flynn; (2) BankBoston account number 1-453-29801, James Flynn; (3) Belmont Savings Bank accounts numbered 100979057, Gene and Patricia Citrano and 270002184 Stone Financial; (4) Fleet Bank safe deposit box 1994-8; (5) East Boston Savings Bank safe deposit box 457; (6) Broadway National Bank safe deposit box 866; and (7) Broadway National Bank safe deposit box 1495. A copy of the search warrants, applications, and affidavit are enclosed.

On November 20, 1997, a search warrant was issued for East Boston Savings Bank, safe deposit box 262. A copy of the search warrant, application, and affidavit are enclosed. The return will be provided as soon as it is received by the undersigned

3

attorneys.

On March 24, 2000, search warrants were executed at (1) 510-515 Revere Beach Boulevard, Apt. 508, Revere, Massachusetts; (2) 9 Applewood Lane, Saugus, Massachusetts; (3) One Seal Harbor, Penthouse 13, Winthrop, Massachusetts; (4) 251 Orient Avenue, East Boston, Massachusetts; (5) 20 Swan Avenue, East Boston, Massachusetts; (6) 72A Central Street, Waltham, Massachusetts, and (7) On The Square Realty, 580 Washington Street, Brighton, Massachusetts. A copy of the search warrants, applications, affidavit, and returns are enclosed.

In March 2000, a search warrant was executed at 510 North Ocean Boulevard, Apt. 208, Pompano Beach, Boward County, Florida. A copy of the search warrant, application, and affidavit are enclosed. The return will be provided as soon as it is received by the undersigned attorneys.

On March 27, 2000, search warrants were executed at (1) East Boston Savings Bank Safe Deposit Box 744, Frank Ciampa, Jr. and Santina J. Ciampa JT; (2) Eastern Bank Safe Deposit Box 593, Tracey Nolan; (3) Citizens Bank Safe Deposit Box 726, John Zampanti and Nancy Zampanti; (4) East Boston Savings Bank account number 00236181780, Frank Ciampa; (5) East Boston Savings Bank account number 00022890476, Diane S. Ciampa; (6) East Boston Savings Bank account numbers 00022636892, Stephen Mazzarella; (7) East Boston Savings Bank account number 00440055408, Stephen Mazzarella; (8) Citizen's Bank account number 1103299112, John J. Zampanti; and (9) Citizen's Bank safe deposit box 681-00581-5, Nancy J. Zampanti. A copy of the search warrants, applications, affidavits, and returns are enclosed.

On March 23, 2000, search warrants were obtained but not executed for: (1) Frank Ciampa and 251 Orient Avenue, East Boston; (2) Frank Ciampa and 1 Seal Harbor Road, Penthouse 13, Winthrop; (3) Joseph Zampanti, Jr. and 510-515 Revere Beach Boulevard, Apt. 508, Revere; (4) Joseph Zampanti, Jr, and 1997 Chevrolet Blazer, MA registration 4538RP; (5) Ronald Zampanti and 9 Applewood Lane, Saugus; (6) Ronald Zampanti and 1995 Infinity Q45, MA registration 5069RS; (7) Ronald Zampanti and 2000 Jeep Grand Cherokee MA registration 3749RY; (8) Craig Nolan and 30 Pratt Place, Apt. 28, Revere; (9) Stephen Mazzarella and 101 Leyden Street, Basement Apt., East Boston; (10) Dominic Santoro, Neil Cherkas and 252 Kennedy Drive, Apt. 603, Malden; (11) Carmine D'Amelio and 20 Swan Avenue, East Boston; (12) On The Square Realty, 580 Washington Street, Brighton; (13) Helen Gallarelli and 23 Swan Avenue, East Boston; (14) Thomas Cali and 465 Revere Beach Boulevard, First Floor, Revere; (15) Anthony

Musto and 2000 Dodge Stratus MA registration 5778ME; (16) Anthony Musto and 72A Central Street, Waltham; and (17) 278A Neponset Valley Parkway, Suite 7, Hyde Park, in connection with the investigation of the charges contained in the indictment in this case. A copy of the search warrants, applications, and affidavits are enclosed.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Wire communications of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance as follows:

On January 13, 2000, Isaac Borenstein, Associate Justice of the Superior Court, Commonwealth of Massachusetts, entered an order authorizing the interception of wire communications occurring over telephone numbers 781/231-9312 and 617/818-6484 for a period of 15 days.

On January 28, 2000, Isaac Borenstein, Associate Justice of the Superior Court, Commonwealth of Massachusetts, entered an order authorizing the interception of wire communications occurring over telephone numbers 617/818-6484, 781/258-1708, and 781/284-7487 for a period of 15 days.

On February 11, 2000, Isaac Borenstein, Associate Justice of the Superior Court, Commonwealth of Massachusetts, entered an order authorizing the interception of wire communications occurring over telephone numbers 617/818-6484, 781/258-1708, and 617/388-5579 for a period of 15 days.

On February 28, 2000, Isaac Borenstein, Associate Justice of the Superior Court, Commonwealth of Massachusetts, entered an order authorizing the interception of wire communications occurring over telephone numbers 617/818-6484, 781/258-1708, and 617/388-5579 for a period of 15 days.

On March 14, 2000, Isaac Borenstein, Associate Justice of the Superior Court, Commonwealth of Massachusetts, entered an order authorizing the interception of wire communications occurring over telephone numbers 617/818-6484, 781/258-1708, and 617/388-5579 for a period of 15 days.

The government intends to offer communications of the defendant intercepted pursuant to this order as evidence in its case-in-chief.

A copy of the applications for authorization to intercept

communications relating to the charges contained in the indictment in which the defendant was named as an interceptee and to which the defendant was intercepted are enclosed. Copies of the supporting affidavits of Trooper Russolillo, court orders dated January 13, January 28, February 11, February 28, and March 14, 2000, authorizing the interceptions, and the court orders dated February 1, February 15 and March 29, 2000, directing the sealing of intercepted communications also are enclosed.

The defendant was intercepted pursuant to a 1997 electronic surveillance order. Additional information and documentation will be provided as soon as it is received by the undersigned attorney.

In addition, there are other court-authorized intercepted communications in which D'Amelio was intercepted. However, those interceptions do not relate to the charges in this case and the government does not intend to introduce them in its case-in-chief.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

Pursuant to Local Rule 116.6, we decline to disclose the identities of unindicted coconspirators involved in the conspiracies charged in counts 2 and 3 of the Indictment because it would be detrimental to the interests of justice to make the disclosure.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant D'Amelio was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread, or other display of an image of the defendant D'Amelio.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is

defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  Pursuant to Local Rule 116.6, the government declines to further identify the following witnesses because of the nature of the charges contained in the indictment. If and when a particular witness is in the protection, custody, and control of the United States government, the witness' identity will be immediately disclosed to counsel. The remaining witnesses will be identified shortly before trial.

    (a)    Carmen Campanaro

            (1)    November 6, 2001, Immunity Order, M.B.D. 01-10401-RWZ

    (b)    Witness 1

            (1)    June 12, 2001, Proffer Letter

            (2)    November 6, 2001, Plea Agreement

    (c)    Witness 2

            (1)    March 5, 2001, Proffer Letter

            (2)    November 6, 2001, Plea Agreement

            (3)    April 2, 2002, Dismissal, Cr. No. 01-10452-PBS

    (d)    Witness 3

            (1)    March 20, 2001, Proffer Letter

            (2)    November 6, 2001, Plea Agreement

4.  The government is aware that some of its case-in-chief witnesses have criminal records. Their identities and records will be disclosed at the appropriate time.

5.  The government is aware that some of its case-in-chief witnesses have criminal cases pending. Their identities and pending cases will be disclosed at the appropriate time. Other case-in-chief witnesses have plea agreements with the government. Their identities and agreements will be disclosed at the appropriate time.

6.  No identification procedure was used in this case.

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorneys if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Ernest S. DiNisco
ERNEST S. DiNISCO
COLIN OWYANG
Assistant U.S. Attorneys

Enclosures [1-1976]

cc: Dianalynn Saccoccio
    Clerk to the Honorable Marianne B. Bowler
    (w/o enclosures)