```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

Criminal No. 03-10355-DPW

```
                  UNITED STATES OF AMERICA


                              v.


                CARMINE T. D'AMELIO, a/k/a JUNIOR
```

### MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION PURSUANT TO LOCAL RULE 116.6(A) AND REQUEST FOR EXPEDITED HEARING ON THIS MOTION (DOCKET ENTRY # 13)

**March 8, 2004**

**BOWLER, Ch.U.S.M.J.**

Pending before this court is the above styled discovery motion filed by defendant Carmine T. D'Amelio, a/k/a Junior ("the defendant") on February 12, 2004. (Docket Entry # 13). The government filed a response on February 17, 2004, thereby mooting the defendant's request for the government to file a response within seven days. After conducting a hearing on March 3, 2004, this court took the motion (Docket Entry # 13) under advisement.

The government elected the declination procedure outlined in LR. 116.6(A) and refused to produce 28 day material required under

LR. 116.2(B)(1)(c).  In particular, the government refuses to produce the names of three, unindicted co-conspirators charged in counts two and three of the Indictment.  See LR. 116.2(B)(1)(c)(obligating government to disclose promises, rewards and inducements "identifying by name" each witness 28 days after arraignment);[1] LR. 116.1(C)(1)(e) (obligating government to disclose names of unindicted co-conspirators 28 days after arraignment).

In compliance with LR. 116.6(A), the government satisfied its burden of showing the need for the delayed disclosure.[2]  The defendant is indicted for a bookmaking operation.  As shown by affidavit, Frederick A. Simone ("Simone") and Vincent C. Gioacchini ("Gioacchini"), who have a history of violence and are named defendants in the November 30, 2003 Indictment in United States v. Simone, Gioacchini and White, Crim. No. 03-10356-MLW, have victimized the defendant in connection with his bookmaking activities.  The undisclosed identities of the three, government witnesses who can inculpate the defendant might logically provide inculpatory information against Simone and Gioacchini.  Hence, disclosure of the

---

[1]   The defendant was arraigned on December 1, 2003.

[2]   Local Rule 116.6(A) requires the government to file with the clerk the statement provided to the defendant explaining why the government declines to produce the material at the time the material is due.  The government's response states that it filed a copy of its December 30, 2003 discovery letter.  No such letter is on file.  The clerk therefore requested a copy which was filed with the court.

unidentified co-conspirators would risk their safety at the hands of Simone and Gioacchini who, although presently subject to pretrial incarceration, have an extensive criminal network.

Accordingly, the government's offer to disclose the remaining information relative to these three witnesses 21 days in advance of trial is sufficient.  Accordingly, the motion to compel (Docket Entry # 13) is **DENIED**.

                                                      S/S
                                      **MARIANNE B. BOWLER**
                                      Chief United States Magistrate Judge