UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10355-DPW |
| | ) | |
| CARMINE T. D'AMELIO | ) | |
| | ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR
RECONSIDERATION BY A DISTRICT JUDGE OF A RULING BELOW
DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF
INFORMATION PURSUANT TO LOCAL RULE 116.6(A)

Defendant Carmine T. D'Amelio respectfully submits this memorandum in support of his

motion, pursuant to Rule 2(b) of the Rules for United States Magistrates, for reconsideration by

the District Judge of the Chief Magistrate Judge's Memorandum and Order Re: Defendant's

Motion to Compel Disclosure of Information Pursuant to Local Rule 116.6(A), dated March 8,

2004. Defendant challenges the government's declination of co-conspirator information and

Giglio information.

Defendant is charged by indictment with operating an illegal gambling business, and with

money laundering and tax conspiracy. In its initial discovery letter to the defense, dated

December 30, 2003, the government declined to make prompt disclosure of the identities of

alleged co-conspirators as well as of promises and rewards to prospective witnesses, invoking

Local Rule 116.6(A). See Government Letter, dated December 30, 2003 at 6-8. Regarding

unindicted co-conspirators, the government said without elaboration that it would be "detrimental

to the interests of justice to make the disclosure." Id. at 6. Regarding Giglio disclosure, the

government identified one witness, but disclosed only that the witness benefitted from an

immunity order (but not what the immunity protected him from). The government then referred

to three other persons, identified as "Witness 1", "Witness 2", and "Witness 3", saying only that each has a proffer agreement and a plea agreement (but not disclosing for what crimes). The government referred to "other case-in-chief witnesses" but disclosed nothing whatsoever about them, saying that "their identities and pending cases will be disclosed at the appropriate time." Id. at 8.

Defendant contested the non-disclosures by motion, submitting that the government had articulated no facts supporting the declinations. The government replied, alleging that the dangerousness of other persons —not defendant D'Amelio-- might pose a risk to witnesses. It appended to its reply an affidavit submitted in separate proceedings against three persons, Frederick Simone, Vincent Giacchini and Francis White, to secure their detention in their separate case. The government did not argue that D'Amelio himself was violent; to the contrary, it argued that D'Amelio has been victimized by the three separately-charged defendants, that he had been "the victim of extortion and rent collection by [those separately charged defendants]" and that he was "a victim of the collection of [an] unlawful debt by [one of those persons]." Government Opposition at 2. Defendant argued that he cannot be handicapped in his preparation by deferred disclosure premised upon the alleged violent proclivities of others.

By Memorandum and Order, dated March 8, 2004, the court below denied defendant's motion. Defendant now seeks relief in this Court.

First, the government contends that concerns about witness security permit it to withhold co-conspirator names in addition to Giglio material. This conflates different concerns. Disclosure of unindicted co-conspirators informs a defendant about the scope of a charged

conspiracy and about its alleged participants. Such a disclosure, part of the disclosures

catalogued under Local Rule 116.1, is logically distinct from the disclosures of exculpatory

materials described in LR 116.2. Notification of unindicted conspirators does not divulge

witness identities. The government may decline to charge a co-conspirator for a host of reasons,

including lack of prosecutorial interest, want of sufficient or compelling proof, and so forth, not

necessarily that the person remains uncharged due to cooperation with the government.

Second, regarding LR116.2 materials, the government has cited no cases holding that the

dangerousness of others can justify refusal to produce information to a non-dangerous defendant

and to his counsel. Yet, this was the basis for non-disclosure accepted by the court below:

> The undisclosed identities of the three government witnesses who can inculpate the
> defendant might logically provide inculpatory information against Simone and
> Gioacchini. Hence, disclosure of the unidentified co-conspirators would risk their safety
> at the hands of Simone and Gioacchini who, although presently subject to pretrial
> incarceration, have an extensive criminal network. Accordingly, the government's offer
> to disclose the remaining information relative to these three witnesses 21 days in advance
> of trial is sufficient.

Memorandum and Order, at 3. The court below took the view that the mere possibility that these

prospective witnesses "might" provide "inculpatory information" (does this mean testify?)

against others would shield them from disclosure, preventing timely and appropriate efforts of

defense counsel to interview them or to learn about their background.

The standard invoked by the court below is undemanding. The government does not

assert that Witnesses One through Three are slated to testify in the other case. Nor is it obvious

that witnesses in this bookmaking case, who would presumably claim that defendant took bets,

would be called upon or be able to testify about any alleged payments extorted from defendant.

-3-

It is telling that the government's notice of declination in its initial discovery letter provided no statement of the "reasons for declining." Rule 116.6. The Rule mandates that the reasons be given where "in the judgment of a party it would be detrimental to the interests of justice to make" disclosure. It is surely insufficient to parrot that phrase, as happened here, without citing specific "reasons." The casual manner of the declination suggests that the government viewed declination as routine and part of its prerogative.

Timely disclosure is compelled under the Local Rules precisely because of the importance of this information to preparation of the defense. While the declination process has its place, penalizing violent defendants whose trial preparation may be slowed where they have a demonstrated record of violence, it should not be used to handicap non-violent defendants by claims associated with the violence of others. An order deferring disclosure here to 21 days before trial, just when the demands of trial preparation are becoming most intense, has the effect of considerably handicapping the defense.

Finally, even in instances where the government can demonstrate that disclosure of certain information will in fact threaten the safety of a witness, the Court may fashion an appropriate protective order that does not unnecessarily impede the preparation of the defense. See United States v. Snell, 899 F.Supp. 17, 23 n. 12 (D. Mass. 1995) ["[I]f the Government meets the test for exemption under [former Local Rule ] 116.1(d), the Magistrate Judge would also consider less restrictive means of protecting witnesses, such as disclosing the information to the defendants subject to a protective order...."]

Defendant requests that the Court order production of unindicted co-conspirators as well as of promises and rewards to prospective witnesses. Defendant also asks the Court to order the

government to reply with particularity in identifying promises and rewards, as required by Rule 116.2 [government must provide "[a] statement" of each inducement, "identifying ... each promise, reward, or inducement, and a copy of any promise, reward of inducement reduced to writing," together with "a written description of any criminal cases pending...." LR 116.2 [emphasis added]].

CARMINE T. D'AMELIO
By his attorney,

*Charles P. McGinty*

Charles P. McGinty
  B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Charles P. McGinty, hereby certify that a true copy of the above document was served on Assistant U.S. Attorney Ernest DiNisco and Assistant U.S. Attorney Colin Owyang on March 19, 2004.

*Charles P McGinty*

Charles P. McGinty