UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>CARMINE T. D'AMELIO )<br>) | CRIMINAL NO. 03-10355-DPW |

DEFENDANT'S MOTION FOR FURTHER CONSIDERATION OF THIS COURT'S RULING
DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF
INFORMATION PURSUANT TO LOCAL RULE 116.6(A)

Defendant Carmine T. D'Amelio respectfully moves this Court for reconsideration of its Memorandum and Order Re: Defendant's Motion to Compel Disclosure of Information Pursuant to Local Rule 116.6(A) (Docket Entry # 18), based upon additional information not available at the time of the earlier hearing.

By motion, defendant sought disclosure of 28 day material required under LR 116.2(B)(1)(c) (obligating government to disclose promises, rewards and inducements "identifying by name" each witness 28 days after arraignment). In its ruling, this Court held that the government had satisfied its burden, under LR. 116.6(A), of showing the need for the delayed disclosure. The Court stated that defendant, indicted for bookmaking, had been victimized by two men, Frederick Simone and Vincent Gioacchini, who had a history of violence and are named defendants in <u>United States v. Simone, Gioacchini and White</u>, Crim. No. 03-10356-MLW. The Court stated that:

> government witnesses who can inculpate the defendant might logically provide inculpatory information against Simone and Gioacchini. Hence, disclosure of the unidentified co-conspirators would risk their safety at the hands of Simone and Gioacchini who, although presently subject to pretrial incarceration, have an extensive criminal network.

Id. at 2-3.

Defendant timely appealed this Court's ruling (see Docket #s 19-20).

Thereafter, on March 29, 2004, the court in United States v. Simone, Gioacchini and White, Crim. No. 03-10356-MLW, issued a ruling ordering the release from pretrial incarceration of Messrs. Simone and Gioacchini. A copy is attached. The court ruled that "the government has failed to prove that if released on certain familiar and feasible conditions ... either Simone or Gioacchini is likely to ... be a danger to any individual or the community." Memorandum and Order, March 29, 2004, at 1. In particular, the court noted that:

> [A]lthough the government has been investigating Simone and Gioacchini since their release on the state charges, it acknowledged at the February 24, 2004 hearing that it has no evidence that either of them has committed any crime since 2001. Although Simone and Gioacchini believe that they have identified informants against them and have long known of the alleged victims who might testify in this case, there is no evidence that they have tried to intimidate or harm any of them.

Id. at 2-3. With respect to any criminal (i.e. Mafia) criminal network, Judge Wolf made a specific finding:

> The evidence in this case depicts an LCN Family – now characterized by the government as the "New England LCN Family" – that has been substantially diminished, if not decimated, and is in disarray. The electronic surveillance indicates that in 2000 Gioacchini and Simone were being threatened by Anthony "Spucky" Spagnolo, a Family member and one of Gioacchini's former codefendants. They believed that Spagnolo's threats were sanctioned by the hierarchy of the remnant of the Patriarca Family .... In these circumstances, it is not proven that the LCN would assist Simone or Gioacchini if, contrary to this court's conclusion, they tried to flee or endanger those providing information or evidence concerning them.

Id. at 3-4. The court continued: "The electronic surveillance demonstrated that neither Simone nor Gioacchini was in good standing with the remnant of the Patriarca Family that remains after several decades of successful prosecutions." Id. at 8. "Once again, there is no evidence that

Gioacchini has done anything to threaten or harm D'Amelio, Young, or the individuals that he has long believed informed against him ...." Id. at 20.

The Memorandum and Order in the Simone case post-dated this Court's ruling. Thus, at the hearing before the District Court on June 30, 2004, defendant sought, and the trial court allowed, permission to return to this Court so that this additional material could first be reviewed by this Court.

Defendant submits that the factual findings in Judge Wolf's Memorandum and Order must prevail over the ex parte submission of the government in its Sealed Submission in Support of Declination. Defendant is handicapped in his contest of the Sealed Submission, having been denied access to its allegations. But in view of specific findings in Messrs. Simone and Gioacchini's case, particularly that neither man sought to harm or intimidate persons who might testify against them, this Court should reconsider its ruling.

> CARMINE T. D'AMELIO
> By his attorney,
>
> /s/ Charles P. McGinty
>
> Charles P. McGinty
>   B.B.O. #333480
> Federal Defender Office
> 408 Atlantic Avenue, 3rd Floor
> Boston, MA  02110
> Tel: 617-223-8061