UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 03-10355-DPW

UNITED STATES OF AMERICA

v.

CARMINE T. D'AMELIO, a/k/a JUNIOR

**ORDER RE:
DEFENDANT'S MOTION FOR FURTHER CONSIDERATION OF THIS
COURT'S RULING DENYING DEFENDANT'S MOTION TO COMPEL
DISCLOSURE OF INFORMATION PURSUANT TO LOCAL RULE 116.6(A)
(DOCKET ENTRY # 30)**

**August 10, 2004**

**BOWLER, Ch.U.S.M.J.**

Defendant Carmine T. D'Amelio, a/k/a Junior ("the defendant") seeks reconsideration by this court of its March 8, 2004 Order (Docket Entry # 18) in light of the additional and subsequently developed information set forth in a March 29, 2004 opinion by the district judge in United States v. Simone, Gioacchini and White, Crim. No. 03-10356-MLW. The latter order reversed an order of pretrial detention for Frederick A. Simone and Vincent C. Gioacchini issued by a magistrate judge. The magistrate judge's order and the history of violence depicted regarding these individuals provided much of the justification for the government and, as a result, this court, to conclude that the witnesses' safety warranted delaying disclosure of the requested information until the government's proposed disclosure date 21 days in advance of trial.

Trial is presently set to commence on February 7, 2005. The defendant reiterates his need for the information to adequately prepare for trial. The detailed findings in the March 29, 2004 opinion demonstrate that the threat to the witnesses' safety is not as great as the government professed in its original opposition (Docket Entry # 14). Based on the March 29, 2004 opinion and the failure of the government to offer more specific evidence to support a continued delayed disclosure based on the witnesses' safety,[1] this court finds that the government fails to meet its burden under LR. 116.6 to show why disclosure of the promises, rewards and inducements should not be made at this time.

As required under LR. 116.2(B)(1)(c) (obligating government to disclose promises, rewards and inducements "identifying by name" each witness 28 days after arraignment), the government is ordered to provide the plea agreements identifying by name the witnesses subject to the agreements within 14 days. The government's disclosure of a list of the unindicted co-conspirators satisfies its obligations under LR. 116.1(C)(1)(e) (obligating government to disclose names of unindicted co-conspirators 28 days after arraignment) and thereby moots this aspect of the defendant's request.

---

[1] Mindful of the perceived threats to these witnesses, the government is not prohibited from moving to stay production until 21 days prior to trial if the government files a motion within 14 days and produces supporting information offering more specific or concrete information regarding a threat to these witnesses.

CONCLUSION

Accordingly, the motion for further consideration (Docket Entry # 30) is **ALLOWED** in part and otherwise **DENIED** as moot.

                                         /s/
                              **MARIANNE B. BOWLER**
                              Chief United States Magistrate Judge