FILED
Clerk's Office
USDC, Mass.
Date 1/10/05
By m R
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )    CRIMINAL NO. 03-10355-DPW
)
CARMINE T. D'AMELIO, )
a/k/a Junior, )
                    Defendant. )

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Defendant Carmine T. D'Amelio ("D'Amelio" or "Defendant") has indicated, through counsel, that he intends to plead guilty, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, to all counts in which he was charged in the First Superseding Indictment (hereafter, the "Indictment"). The change of plea hearing is scheduled for January 6, 2005.

In his written plea agreement, D'Amelio has agreed to forfeit $20,000 to the United States. Therefore, the United States, by its undersigned counsel, hereby moves for entry of a preliminary order of forfeiture in the amount of $20,000 pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure.

## Motion for Preliminary Order of Forfeiture

Count One of the Indictment charged D'Amelio with operating an illegal gambling business, in violation of 18 U.S.C. § 1955. The Gambling Forfeiture Allegations set forth at pages 14-15 of the Indictment charged that upon conviction, D'Amelio

> shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c), all

1

property, including money, used in the illegal gambling
business charged in Count One, including, without
limitation, the following:

(a)   The real property, with all improvements thereon
      and rights appertaining thereto, located at 20
      Swan Avenue, East Boston, Massachusetts, title to
      which appears at Book 9685, Page 20, of the
      Suffolk County Registry of Deeds; and

(b)   Approximately $750,000 in United States Currency.

The Indictment charged further that:

[i]f any of the forfeitable property described in paragraph
2 above, as a result of any act or omission of the
defendant:

(a)   Cannot be located upon the exercise of due diligence;

(b)   Has been transferred or sold to, or deposited with, a
      third party;

(c)   Has been placed beyond the jurisdiction of the Court;

(d)   Has been substantially diminished in value; or

(e)   Has been commingled with other property which cannot be
      divided without difficulty;

it is the intention of the United States, pursuant to Title
21, United States Code, Section 853(p), incorporated by
Title 28, United States Code, Section 2461(c), to seek
forfeiture of any other property of the defendant up to the
value of the property described in subparagraphs (a) through
(e) of this paragraph.

Section 7 of D'Amelio's plea agreement provides: "Defendant

agrees to forfeit to the United States, at the time of

sentencing, $20,000 in United States currency or a negotiable

instrument." As will be set forth, without objection, during the

change of plea hearing, the agreed amount of $20,000 is

forfeitable because it constitutes property that was used in

2

D'Amelio's illegal gambling business.

Accordingly, after accepting D'Amelio's guilty plea, this Court should enter a preliminary order of forfeiture in the form submitted with this motion. When D'Amelio is sentenced, Rule 32.2(b)(3) provides that the Order of Forfeiture "must be made a part of the sentence and be included in the judgment."

WHEREFORE, the United States requests that this Court, after accepting D'Amelio's guilty plea, enter the Preliminary Order of Forfeiture submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

ERNEST S. DINISCO
Assistant U.S. Attorney

Dated: January 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that today I served the foregoing motion upon the defendant by _hand/fax_ to his counsel:

Charles McGinty, Esq.
Federal Defender Office
408 Atlantic Avenue, Third Floor
Boston, MA  02210

ERNEST S. DINISCO
Assistant U.S. Attorney

Dated: January 7, 2005