UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
            v.                  )   CRIMINAL NO. 03-10355-DPW
                                )
CARMINE T. D'AMELIO,            )
a/k/a Junior,                   )
            Defendant.          )

**PRELIMINARY ORDER OF FORFEITURE**

WOODLOCK, D.J.

WHEREAS, the federal grand jury of this District returned a First Superseding Indictment (hereafter, the "Indictment") charging Defendant Carmine T. D'Amelio ("D'Amelio" or "Defendant") with, among other offenses, operating an illegal gambling business, in violation of Title 18, United States Code, Section 1955;

WHEREAS, the Indictment also charged that, upon conviction, Defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c), all property, including money, used in the illegal gambling business charged in Count One, including, without limitation, the following:

   (a)   The real property, with all improvements thereon and rights appertaining thereto, located at 20 Swan Avenue, East Boston, Massachusetts, title to which appears at Book 9685, Page 20, of the Suffolk County Registry of Deeds; and

   (b)   Approximately $750,000 in United States Currency.

WHEREAS, the Indictment charged further that:

[i]f any of the forfeitable property described in paragraph 2 above, as a result of any act or omission of the defendant:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

WHEREAS, section 7 of D'Amelio's plea agreement provides:

"Defendant agrees to forfeit to the United States, at the time of sentencing, $20,000 in United States currency or a negotiable instrument;"

WHEREAS, D'Amelio has pleaded guilty to all counts of the Indictment, and this Court has accepted his plea;

WHEREAS, as was set forth, without objection, during the change of plea hearing, the agreed amount of $20,000 is forfeitable upon D'Amelio's conviction because it constitutes property that was used in D'Amelio's illegal gambling business;

WHEREAS, the United States has moved for entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the

Federal Rules of Criminal Procedure;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. All of Defendant's interests in the subject $20,000.00 (the "Forfeited Asset") are hereby forfeited to the United States of America for disposition pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

2. The Defendant shall turn the Forfeited Asset over to the United States pursuant to the plea agreement and this Order. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to take the Forfeited Asset into custody.

3. The Forfeited Asset is to be held by the United States in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c), the United States shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in this district, notice of this Order and of the intent of the United States to dispose of the Forfeited Asset.

5. To the extent practicable, the United States shall give direct written notice to any person known to have alleged an interest in the Forfeited Asset.

6. Such notice shall state (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Asset, shall within thirty (30) days of the final publication of the notice, or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of the asserted interest in the Forfeited Asset; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Asset, the time and circumstances of the petitioner's acquisition of any such right, title, or interest, and additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n), incorporated by 18 U.S.C. § 982(b)(1), following the Court's disposition of all petitions filed under subsection 853(n), or, if no such petitions are filed, following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Forfeited Asset. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Forfeited Asset.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
United States District Judge

DATED: January 10, 2005