

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 20, 2004

Charles P. McGinty, Esq.
Office of the Federal Public Defender
408 Atlantic Avenue
Boston, MA 02110

Re: <u>Carmine D'Amelio</u>
    Criminal No. 03-10355-DPW

Dear Mr. McGinty:

    This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Carmine D'Amelio ("Defendant"), in
the above-referenced case.  The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead
guilty to all counts in which he is named in the above-referenced
First Superseding Indictment: Counts One, Two and Three.
Defendant expressly and unequivocally admits that he in fact
knowingly, intentionally and willfully committed the crimes
charged in Counts One, Two and Three of the Indictment, and is in
fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: as to Count
One, a five-year term of imprisonment, followed by a three-year
term of supervised release; a $250,000 fine; a $100 mandatory
special assessment; and forfeiture in the amount charged in the
Superseding Indictment.  As to Count Two, a twenty-year term of
imprisonment, followed by a three-year term of supervised
release; a $500,000 fine or twice the value of the instruments

laundered; and a $100 mandatory special assessment. As to Count Three, a five-year term of imprisonment, followed by a three-year term of supervised release; a $250,000 fine; and a $100 mandatory special assessment.

### 3. Sentencing Guidelines

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

#### (a) **Base Offense Level**

With respect to Count One, the parties agree that U.S.S.G. § 2E3.1 applies, and that Defendant's Base Offense Level is therefore 12. With respect to Count Two, the parties agree that U.S.S.G. § 2S1.1(a)(1) and § 2S1.1(b)(2)(B) apply, and therefore Defendant's Base Offense Level is 14. With respect to Count Three, the parties agree that U.S.S.G. § 2T1.9 and § 2T4.1(F) apply, and therefore his Base Offense Level is 16.

#### (b) **Specific Offense Characteristic**

The parties agree that, as to Count One, Defendant's Base Offense Level should be increased by four levels pursuant to U.S.S.G. § 3B1.1(a).

#### (c) **Grouping Of Closely Related Counts**

The parties agree that U.S.S.G. § 3D1.3 and § 3D1.4 apply, but that no additional units should be added to Defendant's Base Offense Level because all Defendant's criminal activity arose from gambling offenses.

#### (d) **Criminal History Category**

The U.S. Attorney takes no position at this time with respect to Defendant's Criminal History Category.

#### (e) **Acceptance of Responsibility**

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time

2

between his execution of this Agreement and sentencing Defendant:

    (a)  Fails to admit a complete factual basis for the plea;

    (b)  Fails to truthfully admit his conduct in the offenses of conviction;

    (c)  Fails to provide truthful information about his financial status;

    (d)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case;

    (e)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (f)  Intentionally fails to appear in Court or violates any condition of release;

    (g)  Commits a crime; or

    (h)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend at sentencing that the District Court impose a sentence within the applicable guideline sentencing range.  If, prior to sentencing, the United States Supreme Court invalidates the United States Sentencing Guidelines, then Defendant reserves the right to recommend a sentence under an indeterminate sentencing scheme.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the

United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 7. Forfeiture

Defendant agrees to forfeit to the United States, either at the time of sentencing or when he reports to the Bureau of Prisons, $20,000 in United States currency or a negotiable instrument.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United

4

States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

### 8.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 9.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 10.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

5

11.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.  Complete Agreement

This letter contains the complete agreement between the parties.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Ernest DiNisco.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

ERNEST DINISCO
Assistant U.S. Attorney

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Carmine T. D'Amelio
Defendant

Date: 1/10/05

I certify that Carmine T. D'Amelio has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Charles P. McGinty, Esq.
Attorney for Defendant

Date: 1/10/05

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_Carmine T. D'Amelio_
Carmine T. D'Amelio
Defendant

Date: 12/20/04

I certify that Carmine T. D'Amelio has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_Charles P. McGinty_
Charles P. McGinty    DRAFT
Attorney for Defendant    SUBJECT TO APPROVAL
OF U.S. ATTORNEY
Date: 12/20/04

7