```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 03-10355-DPW
                              )
CARMINE T. D'AMELIO,          )
a/k/a Junior,                 )
               Defendant.     )
```

**FINAL ORDER OF FORFEITURE**

**WOODLOCK, D.J.**,

   WHEREAS, on or about September 1, 2004, a federal grand jury sitting in the District of Massachusetts returned a three count First Superseding Indictment charging Defendant Carmine T. D'Amelio, a/k/a Junior ("D'Amelio" or the "Defendant"), with the following violations:  Illegal Gambling Business and Aiding and Abetting, in violation of 18 U.S.C. §§ 1955 and 2 (Count One); Money Laundering Conspiracy and Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(h) and 2 (Count Two); and Conspiracy to Defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371 (Count Three);

   AND WHEREAS, the First Superseding Indictment also included two separate Forfeiture Allegations, pursuant to 18 U.S.C. §§ 1955(d) and 982, and 28 U.S.C. § 2461(c);

   AND WHEREAS, the Gambling Property Forfeiture Allegation of the First Superseding Indictment charged that upon conviction, D'Amelio shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1955(d), and Title 28,

United States Code, Section 2461(c), all property, including money, used in the illegal gambling business charged in Count One, including, without limitation, the following:

    (a) The real property, with all improvements thereon and rights appertaining thereto, located at 20 Swan Avenue, East Boston, Massachusetts, title to which appears at Book 9685, Page 20, of the Suffolk County Registry of Deeds; and

    (b) Approximately $750,000 in United States Currency;

AND WHEREAS, the Money Laundering Forfeiture Allegation of the First Superseding Indictment charged that upon conviction, and as a result of the offense alleged in Count Two, D'Amelio shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offense, and all property traceable to such property, including, without limitation, the following:

    (a) The real property, with all improvements thereon and rights appertaining thereto, located at 20 Swan Avenue, East Boston, Massachusetts, title to which appears at Book 9685, Page 20, of the Suffolk County Registry of Deeds; and

    (b) Approximately $750,000 in United States Currency;

AND WHEREAS, the First Superseding Indictment charged further that: [i]f any of the forfeitable property described above, as a result of any act or omission of the Defendant:
    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

    (e)    Has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the Defendant up to the value of the property described above;

AND WHEREAS, on or about January 10, 2005, D'Amelio pled guilty to all counts in which he was charged in the First Superseding Indictment;

AND WHEREAS, D'Amelio agreed to forfeit to the United States, at the time of sentencing, $20,000 in United States currency or a negotiable instrument, and the parties agreed that the $20,000 in United States currency is forfeitable because it constitutes property that was used in D'Amelio's illegal gambling business;

AND WHEREAS, on or about January 10, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982 and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, against D'Amelio's interests in the agreed upon subject $20,000.00 in United States currency (the "Forfeited Asset");

AND WHEREAS, on or about April 6, 2005, a sentencing hearing was held whereby the Defendant was convicted on Counts One

through Three of the First Superseding Indictment, and at that time, D'Amelio turned over to the United States the Forfeited Asset, via a bank check made payable to the United States Treasury Department;

AND WHEREAS, on May 6, 2005, May 13, 2005, and May 20, 2005, a Notice of Order of Forfeiture was published in the Boston Globe Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982;

AND WHEREAS, by virtue of D'Amelio's guilty plea and subsequent conviction on Counts One through Three of the First Superseding Indictment, the United States is now entitled to any and all interest the Defendant has in the Forfeited Asset;

AND WHEREAS, to date, no other claims of interest in the Forfeited Asset have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  The United States' Motion for a Final Order of Forfeiture is allowed.

2.  The United States of America is now entitled to the forfeiture of all right, title or interest in the Forfeited Asset and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

3.  Any parties having any right, title, or interest in the

Forfeited Asset are hereby held in default.

    4.    The Internal Revenue Service is hereby authorized to dispose of the Forfeited Asset in accordance with applicable law.

    DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2005.

 

_____
DOUGLAS P. WOODLOCK
Dated:    United States District Judge