UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                             )
            v.               )      CRIMINAL NO. 03-10355-DPW
                             )
CARMINE T. D'AMELIO,         )
a/k/a Junior,                )
                 Defendant.  )

## MOTION FOR FINAL ORDER OF FORFEITURE

    The United States of America, by its Attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, respectfully moves that this Court issue a Final
Order of Forfeiture in the above-captioned case, pursuant to
Title 21, United States Code, Section 853, as incorporated by
Title 18, United States Code, Section 982, and Title 28, United
States Code, Section 2461(c).  In support thereof, the United
States sets forth the following:

    1.   On or about September 1, 2004, a federal grand jury
sitting in the District of Massachusetts returned a three count
First Superseding Indictment charging Defendant Carmine T.
D'Amelio, a/k/a Junior ("D'Amelio" or the "Defendant"), with the
following violations:  Illegal Gambling Business and Aiding and
Abetting, in violation of 18 U.S.C. §§ 1955 and 2 (Count One);
Money Laundering Conspiracy and Aiding and Abetting, in violation
of 18 U.S.C. §§ 1956(h) and 2 (Count Two); and Conspiracy to
Defraud the Internal Revenue Service, in violation of 18 U.S.C.
§ 371 (Count Three).  The First Superseding Indictment also

included two separate Forfeiture Allegations, pursuant to 18 U.S.C. §§ 1955(d) and 982, and 28 U.S.C. § 2461(c).

2.   The Gambling Property Forfeiture Allegation of the First Superseding Indictment charged that upon conviction, D'Amelio shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1955(d), and Title 28, United States Code, Section 2461(c), all property, including money, used in the illegal gambling business charged in Count One, including, without limitation, the following:

    (a)   The real property, with all improvements thereon and rights appertaining thereto, located at 20 Swan Avenue, East Boston, Massachusetts, title to which appears at Book 9685, Page 20, of the Suffolk County Registry of Deeds; and

    (b)   Approximately $750,000 in United States Currency.

3.   The Money Laundering Forfeiture Allegation of the First Superseding Indictment charged that upon conviction, and as a result of the offense alleged in Count Two, D'Amelio shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offense, and all property traceable to such property, including, without limitation, the following:

    (a)   The real property, with all improvements thereon and rights appertaining thereto, located at 20 Swan Avenue, East Boston, Massachusetts, title to which appears at Book 9685, Page 20, of the Suffolk County Registry of Deeds; and

    (b)   Approximately $750,000 in United States Currency.

4.   The First Superseding Indictment charged further that:

2

[i]f any of the forfeitable property described above, as a result of any act or omission of the Defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the Defendant up to the value of the property described above.

    5.    On or about January 10, 2005, D'Amelio pled guilty to all counts in which he was charged in the First Superseding Indictment.  Section 7 of D'Amelio's written plea agreement provides:  "Defendant agrees to forfeit to the United States, at the time of sentencing, $20,000 in United States currency or a negotiable instrument."  The parties agreed that the $20,000 in United States currency is forfeitable because it constitutes property that was used in D'Amelio's illegal gambling business.

    6.    Also, on or about January 10, 2005, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982 and 28 U.S.C. § 2461(c), and

Rule 32.2 of the Federal Rules of Criminal Procedure, against D'Amelio's interests in the agreed upon subject $20,000.00 in United States currency (the "Forfeited Asset").

7.    On or about April 6, 2005, a sentencing hearing was held whereby the Defendant was convicted on Counts One through Three of the First Superseding Indictment and was sentenced to a term of time served.  At that time, D'Amelio turned over to the United States the Forfeited Asset, via a bank check made payable to the United States Treasury Department.

8.    On May 6, 2005, May 13, 2005, and May 20, 2005, a Notice of Order of Forfeiture was published in the Boston Globe Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982.  The Department of the Treasury Process Receipt and Return form confirming publication of the Notice was filed with the District Court on or about June 2, 2005.

9.    By virtue of D'Amelio's guilty plea and subsequent conviction on Counts One through Three of the First Superseding Indictment, the United States is now entitled to any and all interest the Defendant has in the Forfeited Asset.

10.   To date, no other claims of interest in the Forfeited Asset have been filed with the Court and the time within which to do so has expired.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture against the Forfeited

4

Asset.  A Proposed Order is submitted herewith for the
convenience of the Court.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         BY:  /s/ Shelbey D. Wright
                              ERNEST S. DINISCO
                              SHELBEY D. WRIGHT
                              Assistant U.S. Attorney
                              1 Courthouse Way, Suite 9200
                              Boston, MA  02210
                              Telephone: (617) 748-3100
Date:  June 20, 2005


## CERTIFICATE OF SERVICE

        I, Shelbey D. Wright, Assistant U.S. Attorney, hereby
certify that a true copy of the foregoing Motion for Final Order
of Forfeiture, as well as a proposed Final Order of Forfeiture,
were served upon Charles McGinty, Esquire, Federal Defender
Office, 408 Atlantic Avenue, Third Floor, Boston, Massachusetts
02210, as Counsel for the Defendant, Carmine T. D'Amelio, by
first class mail, postage prepaid.


                              /s/ Shelbey D. Wright
                              Shelbey D. Wright
                              Assistant U.S. Attorney

Date:  June 20, 2005

N:\LTalbot\wright\D'Amelio, Carmine\(M) for Final Order of Forfeiture.wpd